IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06–cv–00829–EWN–MEH

NUSIPEPA SHAFER,
SHIRLEY ROBLES,
MARY JANE STANDISH,
SARAH (KOLLMANN) RUMSEY,
KRISTINA GAINES,
CAROLYN BETTLES,
SUZANN JOHNSON,
BARBARA STEVEN, and
DOROTHY DOREY, individually,
and other similarly situated individuals,

     Plaintiffs,

v.

LANDAMERICA FINANCIAL GROUP, INC., a Virginia corporation,
COMMONWEALTH LAND TITLE INSURANCE COMPANY,
a Pennsylvania corporation,
TRANSNATION TITLE INSURANCE COMPANY, an Arizona corporation, and
LAWYERS TITLE INSURANCE CORPORATION, a Virginia corporation,

     Defendants.

**ORDER**

This matter is before the court on "Plaintiffs' Motion to Lift Stay," filed September 1, 2006. Jurisdiction is premised upon 28 U.S.C. § 201, *et seq.* (2006) and 28 U.S.C. § 1331 (2006).

On May 5, 2006, Plaintiffs filed a complaint in this court, asserting claims for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 (2006).  (Verified Compl. and Jury Demand [filed May 1, 2006].)  On July 21, 2006, Plaintiffs filed a "Motion for Conditional Certification of Collective Action and Authorization to Send Notice."  (Pls.' Mot. for Certification of Collective Action and Authorization to Send Notice" [filed July 21, 2006].)  On July 28, 2006, Defendants filed a "Motion to Stay Plaintiffs' Motion for Conditional Certification of Collective Action and Authorization to Send Notice."  (Mot. to Stay Pls.' Mot. for Conditional Certification of Collective Action and Authorization to Send Notice [filed July 28, 2006].)  Therein, Defendants requested that the court stay Plaintiffs' "Motion for Conditional Certification of Collective Action and Authorization to Send Notice" pending the outcome of a motion to consolidate the instant case with two other cases pending before another court in this district.  (*Id.* at 2–3.)

On July 31, 2006, this court granted in part and denied in part Defendants' motion to stay, ordering the case stayed for forty-five days from that day.  (Minute Order [filed July 31, 2006].)  Thus, the stay shall expire by its own terms on September 15, 2006.  On September 1, 2006, Plaintiffs filed a "Motion to Lift Stay."  (Mot. to Lift Stay [filed Sept. 1, 2006].)  Therein, Plaintiffs assert that their motion to consolidate the instant case with two other cases was denied and, therefore: (1) the stay on the instant case is no longer necessary; and (2) Defendants should be ordered to respond to "Plaintiffs' Motion for Conditional Certification of Collective Action and Authorization to Send Notice" within twenty days.  (*Id.* at 2.)

On September 12, 2006, Defendants filed their response.  (Defs.' Resp. to Pls.' Mot. to Lift Stay [filed Sept. 12, 2006].)  Therein, Defendants note that the parties are scheduled to

participate in a settlement conference on September 20 and 21, 2006 and, in light of the possibility of settlement, request that the stay be continued until September 22, 2006. (*Id.* at 2.)  If settlement is not reached, Defendants further request that on September 22, 2006, the court set a briefing schedule regarding "Plaintiffs' Motion for Conditional Certification of Collective Action and Authorization to Send Notice." (*Id.*)

On September 15, 2006, Plaintiffs filed their reply. (Reply to Defs.' Resp. to Pls.' Mot. to Lift Stay [filed Sept. 15, 2006].)  Therein, Plaintiffs essentially assent to Defendants' request that the stay be continued:

> Plaintiffs propose that the [c]ourt grant Plaintiffs' Motion to Lift Stay effective, [sic] September 22, 2006, the day after the mediation is over, and order Defendants to respond to Plaintiffs' Motion for Conditional Certification of Collective Action and Authorization to Send Notice within twenty [] days of that date.

(*Id.* at 2.)  Plaintiffs do not explain their change of course. (*See id.*, *passim.*)  Although the court notes that it would be impossible for it to lift an expired stay, it construes Plaintiffs' statement to mean that Plaintiffs agree with Defendants' request that the current stay be extended until September 22, 2006.  The court perceives no reason to upset the apparent accord between the parties.  Further, the court perceives as reasonable Plaintiffs' request that Defendants be ordered to file their response to Plaintiffs' Motion for Conditional Certification within twenty days of the termination of the extended stay.  *See* D.C.COLO.LCivR 7.1(C) ("The responding party shall have [twenty] days after the filing of the motion, or such lesser or greater time as the court may allow, in which to file a response.").

Based on the foregoing it is therefore

ORDERED that:

1. Plaintiffs' lift stay motion (#23) is DENIED.

2. Per the parties' accord, the court extends the extant stay until September 22, 2006.

3. Per its discretion pursuant to D.C.COLO.LCivR 7.1(C), the court orders Defendants to file their response to Plaintiffs' Motion for Conditional Certification of Collective Action and Authorization within twenty days of September 22, 2006.

Dated this 15th day of September, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge